**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James Edward Freeman, | ) | No. CV06-0553-PHX-SRB |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora B. Schriro, et al., | ) | |
| Respondents. | ) | |

On February 23, 2006, a Petition for Writ of Habeas Corpus was received for filing from James Edward Freeman, the Petitioner in this case. Because the petition was signed on January 20, 2006, and delivered that date to prison officials for mailing, it is considered filed as of January 20, 2006. In the petition, Petitioner raises two claims: that his sentence violates his due process rights under the Fourteenth Amendment and that his counsel was ineffective in violation of the Sixth Amendment. The basis for Petitioner's claim of violation of due process is his assertion that he was improperly sentenced under state sentencing statutes. Petitioner's claim of ineffective assistance of counsel is that his lawyer did not properly advise him concerning the state sentencing statutes for the two counts of conviction. Respondents filed their answer to the petition on July 19, 2006, arguing that the petition was untimely and should be dismissed. Petitioner filed his traverse on September 5, 2006.

On April 30, 2008, the Magistrate Judge issued his Report and Recommendation in which he concluded that the Petition for Writ of Habeas Corpus was untimely under 28

1    U.S.C. §2244(d)(1).  Petitioner filed objections on May 16, 2008.  Respondents have neither

2    filed objections nor responded to Petitioner's objections.

3            On March 19, 1997, Petitioner pled guilty to one count of Child Molestation, a Class

4    2 Felony and one count of Attempted Child Molestation, a Class 3 Felony.  Both crimes are

5    classified as dangerous crimes against children under Arizona law.  See A.R.S.

6    §13.604.01(L).  On April 28, 1997,  Petitioner was sentenced to a mitigated 13 year prison

7    sentence for Child Molestation and a consecutive term of lifetime probation for Attempted

8    Child Molestation.  Petitioner was properly advised of his rights of review after conviction.

9            Petitioner filed his first Notice of Post-Conviction Relief on January 7, 2003, nearly

10   six years after his sentencing date.  The petition was denied as untimely by the trial court on

11   February 12, 2003.  In its order of dismissal the trial court found that Petitioner was not

12   excused from the timeliness requirement of Rule 32.4(a), Ariz. R. Crim. P., which requires

13   Rule 32 proceedings to be filed within 90 days after the entry of judgment and sentence

14   because Petitioner's claims did not involve either a significant change in the law or newly

15   discovered evidence. The Arizona Court of Appeals denied the Petition for Review. The

16   Arizona Supreme Court also denied review on March 16, 2005.  This petition for federal

17   habeas relief was filed ten months later.

18           As noted by the Magistrate Judge, the Antiterrorism and Effective Death Penalty Act

19   of 1996 (AEDPA), 28 U.S.C. §2244, imposes a one-year statute of limitations on habeas

20   corpus petitions filed by state prisoners in federal court.  This one-year statute of limitations

21   can be statutorily tolled during the time when a properly filed application for state post-

22   conviction relief or other collateral review is pending.  28 U.S.C. §2244(d)(2). The

23   limitations period may also be equitably tolled if a petitioner has been pursuing his rights

24   diligently and some extraordinary circumstances beyond his control make it impossible to

25   file  the habeas petition on time.  *Malcom v. Payne*, 281 F.3d 951, 962 (9th Cir. 2002).

26   Petitioner's conviction became final for purposes of this one-year statute of limitations 90

27   days after the date of the entry of the judgment of conviction and sentencing since no Rule

28

1   32 proceedings were filed.  Petitioner had until one  year from that date or until July 29, 1998
2   to seek federal habeas review.

3   In his objections, Petitioner claims that his Post-Conviction Relief Petition filed
4   February 12, 2003 was an "of-right" proceeding under 28 U.S.C. §2244(d)(1)(A) and
5   therefore the statute of limitations did not begin to run until 90 days after the Arizona
6   Supreme Court denied review on March 16, 2005. Petitioner is wrong.  The state court found
7   that his Rule 32 petition was untimely and did not qualify for the exceptions  to the 90 day
8   filing rule for newly discovered evidence or a significant change in the law.  In denying his
9   petition the state court judge found that there was no significant change in the law since the
10  time of Petitioner's sentencing nor any newly discovered evidence presented entitling
11  Petitioner to raise an untimely claim under Rule 32.1(e) or (g).

12  The Court agrees with the finding of the state court and of the Magistrate Judge that
13  Petitioner's contention that he recently became aware of the text of and amendments to the
14  Arizona sentencing statutes that pertain to him is not newly discovered evidence.  Petitioner
15  cites no significant change in the law since the date of his conviction arguably applicable to
16  him.  Rather, the record reflects that Petitioner's plea agreement properly advised him that
17  he was pleading guilty to two dangerous crimes against children for which he received a
18  mandatory but mitigated prison sentence on Count 1 and consecutive lifetime probation on
19  Count 2.

20  Petitioner's confusion seems to be his association of the plea agreement's reference
21  to his crimes as non-dangerous as precluding them from being dangerous crimes against
22  children.  Arizona Revised Statute §13-604.01(L) defines dangerous crimes against children
23  to include both molestation of a child and attempted molestation of a child under fifteen years
24  of age.  A.R.S. §13-604 defines a dangerous offense as one "involving the intentional or
25  knowing infliction of serious physical injury or the discharge, use or threatening exhibition
26  of a deadly weapon or dangerous instrument."  See, A.R.S. §13-604(F)-(K).   Petitioner's
27  crimes, as noted in the plea agreement, were properly classified as non-dangerous but
28  dangerous crimes against children for which he received sentences authorized by Arizona

law.  Petitioner's 2003 petition was properly determined by the state court to be untimely and cannot serve to extend or toll the AEDPA one-year statute of limitations.  In order to be timely this Petition for Writ of Habeas Corpus had to be filed on or before July 28, 1998.

The Magistrate Judge also concluded that Petitioner had not established an entitlement to equitable tolling.  Petitioner failed to show the pursuit of his rights diligently or that extraordinary circumstances stood in his way.  As the Magistrate Judge noted a mere statement that access to library materials was very limited or non-existent is insufficient to support equitable tolling and his claim that he was only made aware of some of the Arizona sentencing statutes in 2001 undercuts his assertion that he was prevented from pursuing his claims.

In his objections Petitioner does nothing to attempt to establish equitable tolling.  His objections rely exclusively on his erroneous argument that his state Post-Conviction Relief Petition was timely and therefore a Petition for Writ of Habeas Corpus relief filed within one-year of the Arizona Supreme Court's denial of review should also be considered timely.

The Court concludes, as did the Magistrate Judge, that the Petition for Writ of Habeas Corpus is untimely and must be dismissed with prejudice.

IT IS ORDERED that Petitioner's Objections to the Magistrate Judge's Report and Recommendation are overruled.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the order of this Court.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is dismissed with prejudice because it was not timely filed.

DATED this 2nd day of June, 2008.


_____
Susan R. Bolton
United States District Judge